FILED

SEP - 2 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

1

2

3

4

5　　　　　　　IN THE UNITED STATES DISTRICT COURT

6　　　　　　FOR THE SOUTHERN DISTRICT OF CALIFORNIA

7

8

9　　　　　　　　　　　　　　　　　)

10　JAMES M JACKSON, Petitioner,　　)　　08CV1484 H (BLM)
　　　　　　　　　　　　　　　　　)
11　　　　　　vs.　　　　　　　　　　)　　REQUEST FOR APPOINTMENT
　　　　　　　　　　　　　　　　　)　　OF COUNSEL
12　CHERYL PLILER, WARDEN　　　　　)
　　　　　　　　　　　　　　　　　)
13　　　　　　　　Respondent.　　　)
　　　　　　　　　　　　　　　　　)

14

15　　　　　　Petitioner is proceedind pro se and in forma pauperis

16　with an application for writ of habeas corpus pursuant to 28 U.S.C.

17　§ 2254. Congress had authorized the appointment of counsel in

18　section 2254 proceedings to represent indigent petitioners when

19　the interest of justice so requir. See U.S.C. § 3006A(a)(2)(B);

20　see also Weygandt vs. Look, 718 F.2d 954 (9th Cir. 1993).

21　Petitioner avers that the interests of justice require that counsel

22　be appointed, in that:

23　　　　　　1. Petitioner is not trained in the law and has limited law

24　library access for purposes of researching the law and preparing

25　pleadings;

26　　　　　　2. Petitioner's application for habeas relief states a prima

27　facie case that petitioner has been and is being deprived of his

28　liberty in violation of the Constitution of the United States; and

1

3. Respondent have the benefit of counsel.

Accordingly, petitioner requests the appointment of counsel pursuant to Rule 8(c), Rules Governing Section 2254 Cases.

DATED: 8-27-2008

*James Morris Jackson*

PETITIONER

JAMES MORRIS JACKSON #P-23919
New Folsom
SACRAMENTO
P.O BOX 290066
Represa CA. 95671   United States District Court
~~Central~~ District of California
Southern

CV-01484-H-BLM

JAMES MORRIS JACKSON )
        PLAINTIFF, )
           VS. )
PALACIOS et.al )
        DEFENDANTS )
Stephen Right )

CASE NO. ~~CV-07-4466 R(E)~~
EX-PARTE MOTION FOR ASSIGNMENT OF
COUNSEL

To: the above entitled court:

Comes now JAMES JACKSON , the plaintiff in the above entitled

action, pursuant to Title 28 U.S.C. § 1915(d), with this Ex-Parte Motion

for Assignment of Counsel to assist plaintiff in the further litigation

of this action.

Plaintiff's motion is based on the following facts, and the particular

authorities cited hereinafter, as well as all the papers currently on file

in this action.

Plaintiff's motion is additionally based on the attached, sworn declaration,

and such further papers, exhibits, and or arguments as the court may deem

appropriately submitted.

## II.
## REASONS THE COURT SHOULD ASSIGN COUNSEL TO ASSIST
## PLAINTIFF IN FURTHER LITIGATION OF THIS ACTION

(1) Plaintiff is unable to employ counsel (see: Forma Pauperis application of file in this action).

(2) The issues involved are complex and dificult for petitioner to understand in relationship to how to proceed further to press his claims to a final resolution.

(3) The issues involved necessitate serious discovery proceedings to be undertaken by plaintiff in order to prepare for further proceedings on either summary judgement or to proceed to trial.

(4) The prison limits plaintiff access to law books and legal materials.

(5) Plaintiff has no legal experience and very little experience or knowledge of law.

(6) The interest of justice and the economy of judicial resources would be best served by an assignment of counsel to assist your plaintiff in this action.

DATED: 8-27-2008          /S/ *James Morris Jackson*
                              PLAINTIFF IN PRO-SE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ASSIGNMENT OF COUNSEL

At the outset, plaintiff points out that there is clearly statutory authority by which the District Court may appoint or assign counsel to assist plaintiff in the further litigation of this civil action ( see: Title 28 U.S.C. § 1915(d); and Title 28 U.C.S. § 3006A(g); in some relationship to Title 42 U.S.C. § 1983; see also Norris v. Wainwright, 588 F. 2d 130, cert. denied, 444 U.S. 846).

One consideration is that of the right of every litigant, rich or poor, to equal consideration before the courts. ( see: Coppedge v. United States, 369 U.S. 438, 456,) Moreover, even without the statutes, there is some indication that the federal courts, in the proper situation or case, may assign counsel for an indigent state prisoner under the court's supervisory powers and sound discretion. (see: McNabb v. United States, 318 U.S. 332; see also The Supervisory Power of the Federal Courts, 76 Harv. L. 1656).

Some courts have held that counsel is not necessary, "unless the circumstances of the particular case are such that counsel would be vital to attain due process, or access to the courts." ( see: Eskridge v. Rhay, 345 F. 2d 778: see also: Anderson v. Heinze, 258 F 2d 778; Dillion v. United States, 307 F. 2d 447; Bounds v. Smith, 430 U.S. 817).

Your plaintiff is aware that the United States Supreme Court and the United States Congress have never held that a civil litigant has a right to counsel to be assigned, to assist him in pressing his claims before the courts. Rather, the question of whether or not to assign counsel rests in the sound discretion of the court, and such discretion "requires that counsel be appointed at least in some cases." ( see: United States v. Wilkens, 338 F. 2d 404: and United States v. Wilkens, 281 F. 2d 707-715).

There are many entanglements that may be avoided by the assignment of counsel ( see: Taylor v. Pegelow, 335 F. 2d 147.) Moreover, at least one

1  federal district court has viewed in the context of federal habeas corpus

2  that unless the petition could be dismissed "summarily", an attorney should

3  be assigned to the impoverished,"layman-prisoner." ( see: Cullins v. Crouse,

4  348 F. 2d 887);

5      In federal civil rights actions under Title 42 U.S.C. § 1983 to redress

6  injuries caused by persons "acting under color of state law", the courts

7  have considered assignment of counsel as important in cases where the

8  prisoner ( civil litigant ) must conduct discovery by which to pursue his

9  or her case, and cannot do it himself ( see: Murrell v. Bennett, 615 F. 2d

10  306 .) Moreover, "summary judgement" proceedings against the prisoner,

11  plaintiff, unable to secure discovery of the items to ward off such a

12  judgement, may not be permitted against a lay-prisoner who does not know

13  how to oppose such proceedings. ( see: Murrell v. Bennett, Supra. at pp. 310 ).

14      In your plaintiff's case, as the facts stated in the motion for counsel

15  and attached declaration demonstrate that plaintiff cannot himself proceed

16  further with the prosecution of this action without at least some assistance

17  from someone with the knowledge to pursue such action.

18      Wherefore, plaintiff prays this court will assign an attorney to assist

19  him in the further pursuit of this action.

20

21  DATED: 8-27-2008        James Morris Jackson
                              PLAINTIFF, PRO-SE

22

23

24

25

26

27

28

DECLARATION OF **SERVICE**

I, JAMES M JACKSON depose, and declare as follows:

(1) I am the plaintiff in this entitled action.

(2) That I am currently a state prisoner, with no regular, meaningful source of income with which to employ an attorney to assist me.

3. That my personal attempts to read law books, rules of court, and court procedures have resulted in confusion and inability to comprehend what action to take next, to further prosecute this action.

(4) That I have had to ask other prisoners, who appear to have some knowledge of law, to assist me in writting and filing the papers currently before the courts, as well as this present motion for counsel.

5. That I am Fighting the Attorney AND she has a Law Dree

6. I am a EOP prisoner that Does not have a High school Deplumia

7. I Need Assists in this case.

EXECUTED THIS Aug 27 DAY OF _____, 19 2008

James Morris Jackson
PLAINTIFF IN PRO SE:

## II.
## REASONS THE COURT SHOULD ASSIGN COUNSEL TO ASSIST
## PLAINTIFF IN FURTHER LITIGATION OF THIS ACTION

(1) Plaintiff is unable to employ counsel (see: Forma Pauperis application of file in this action).

(2) The issues involved are complex and dificult for petitioner to understand in relationship to how to proceed further to press his claims to a final resolution.

(3) The issues involved necessitate serious discovery proceedings to be undertaken by plaintiff in order to prepare for further proceedings on either summary judgement or to proceed to trial.

(4) The prison limits plaintiff access to law books and legal materials.

(5) Plaintiff has no legal experience and very little experience or knowledge of law.

(6) The interest of justice and the economy of judicial resources would be best served by an assignment of counsel to assist your plaintiff in this action.

DATED: 8-27-2008  /S/ _James Morris Jackson_
PLAINTIFF IN PRO-SE

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ASSIGNMENT OF COUNSEL

At the outset, plaintiff points out that there is clearly statutory authority by which the District Court may appoint or assign counsel to assist plaintiff in the further litigation of this civil action ( see: Title 28 U.S.C. § 1915(d); and Title 28 U.C.S. § 3006A(g); in some relationship to Title 42 U.S.C. § 1983; see also Norris v. Wainwright, 588 F. 2d 130, cert. denied, 444 U.S. 846).

One consideration is that of the right of every litigant, rich or poor, to equal consideration before the courts. ( see: Coppedge v. United States, 369 U.S. 438, 456,) Moreover, even without the statutes, there is some indication that the federal courts, in the proper situation or case, may assign counsel for an indigent state prisoner under the court's supervisory powers and sound discretion. (see: McNabb v. United States, 318 U.S. 332; see also The Supervisory Power of the Federal Courts, 76 Harv. L. 1656).

Some courts have held that counsel is not necessary, "unless the circumstances of the particular case are such that counsel would be vital to attain due process, or access to the courts." ( see: Eskridge v. Rhay, 345 F. 2d 778: see also: Anderson v. Heinze, 258 F 2d 778; Dillion v. United States, 307 F. 2d 447; Bounds v. Smith, 430 U.S. 817).

Your plaintiff is aware that the United States Supreme Court and the United States Congress have never held that a civil litigant has a right to counsel to be assigned, to assist him in pressing his claims before the courts. Rather, the question of whether or not to assign counsel rests in the sound discretion of the court, and such discretion "requires that counsel be appointed at least in some cases." ( see: United States v. Wilkens, 338 F. 2d 404: and United States v. Wilkens, 281 F. 2d 707-715).

There are many entanglements that may be avoided by the assignment of counsel ( see: Taylor v. Pegelow, 335 F. 2d 147.) Moreover, at least one

1   federal district court has viewed in the context of federal habeas corpus

2   that unless the petition could be dismissed "summarily", an attorney should

3   be assigned to the impoverished,"layman-prisoner." ( see: Cullins v. Crouse,

4   348 F. 2d 887);

5       In federal civil rights actions under Title 42 U.S.C. § 1983 to redress

6   injuries caused by persons ."acting under color of state law", the courts

7   have considered assignment of counsel as important in cases where the

8   prisoner ( civil litigant ) must conduct discovery by which to pursue his.

9   or her case, and cannot do it himself ( see: Murrell v. Bennett, 615 F. 2d

10   306 .) Moreover, "summary judgement" proceedings against the prisoner,

11   plaintiff, unable to secure discovery of the items to ward off such a

12   judgement, may not be permitted against a lay-prisoner who does not know

13   how to oppose such proceedings. ( see: Murrell v. Bennett, Supra. at pp. 310 ).

14       In your plaintiff's case, as the facts stated in the motion for counsel

15   and attached declaration demonstrate that plaintiff cannot himself proceed

16   further with the prosecution of this action without at least some assistance

17   from someone with the knowledge to pursue such action.

18       Wherefore, plaintiff prays this court will assign an attorney to assist

19   him in the further pursuit of this action.

20

21   DATED: 8-27-2008        James Morris Jackson
                                     PLAINTIFF, PRO-SE

22

23

24

25

26

27

28

DECLARATION OF Service

I, JAMES M JACKSON depose, and declare as follows:

1. I am the plaintiff in this entitled action.

2. That I am currently a state prisoner, with no regular, meaningful source of income with which to employ an attorney to assist me.

3. That my personal attempts to read law books, rules of court, and court procedures have resulted in confusion and inability to comprehend what action to take next, to further prosecute this action.

4. That I have had to ask other prisoners, who appear to have some knowledge of law, to assist me in writting and filing the papers currently before the courts, as well as this present motion for counsel.

5. I ASK COURT to GRANT MOTION FOR counsel, to,

6. Assist me in this intitle CV-01484-HBLM CASE NO CV~~~~~~

7. That this is my FIRST civil CASE AGAINST this ~~~~ Attorney.

EXECUTED THIS Aug 27 DAY OF _____, 2008

_James Morris Jackson_
PLAINTIFF IN PRO SE:

## PROOF OF SERVICE BY MAIL

I, _JAMES M JACKSON_ , do hereby declare:

I served a copy of the  following documents on each of the parties as listed below by placing a true copy in the United States Mail at _SACRAMENTO_ , California on _August 27, 2008_

_PcO BOX 290066_
_Represa CA 95671_

Person or party served:

_District Judge MARILYN L. HUFF_
_United States Dbict Court_
_Southern District of California_
_Office of the Clerk_
_880 Front Street Suite 4290_
_SAN DIEGO CA, 92101-8900_

I declare under penalty of perjury that the foregoing is true and correct.

Executed in _Aug_ , California on this the _27_ day of _2008_ , _____.

_James Morris Jackson_
DECLARANT

3